Exhibit A

| | |
|---|---|
| 1 | Joseph Lavi, Esq. (State Bar No: 209776)<br>jlavi@lelawfirm.com<br>Susan R. Huerta, Esq. (State Bar No. 256063)<br>shuerta@lelawfirm.com<br>**LAVI & EBRAHIMIAN, LLP**<br>8889 W. Olympic Blvd. Suite 200<br>Beverly Hills, California 90211<br>Telephone: (310) 432-0000<br>Facsimile: (310) 432-0001<br>Facsimile: (818) 609-0892 | CONFORMED COPY<br>ORIGINAL FILED<br>Superior Court of California<br>County of Los Angeles<br><br>NOV 07 2018<br><br>Sherri R. Carter, Executive Officer/Clerk of Court<br>By: Steven Drew, Deputy |

1

2

3

4

5

6  Attorneys for Plaintiff
7  ISABEL ADAME,
   on behalf of herself and others similarly situated

8

9  **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10  **FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT**

11

| | |
|---|---|
| ISABEL ADAME, on behalf of herself and others similarly situated, | Case No.: **18STCV04139** |
| PLAINTIFF, | **CLASS ACTION** |
| vs. | **PLAINTIFF ISABEL ADAME'S COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF FOR** |
| COMPREHENSIVE HEALTH MANAGEMENT, INC., a Corporation; EASY CHOICE HEALTH PLAN, INC., a California Corporation; WELLCARE HEALTH PLANS OF CALIFORNIA, INC., a California Corporation, and DOES 1 to 100, inclusive,<br><br>DEFENDANTS. | 1. FAILURE TO PAY WAGES FOR ALL HOURS OF WORK AT THE LEGAL MINIMUM WAGE RATE IN VIOLATION OF LABOR CODE SECTIONS 1194, 1194.2, & 1197 AND THE WAGE ORDERS;<br><br>2. FAILURE TO PAY WAGES FOR ALL TIME WORKED AT OVERTIME RATE IN VIOLATION OF LABOR CODE SECTIONS 510 & 1194 AND THE WAGE ORDERS;<br><br>3. FAILURE TO INCLUDE ALL REMUNERATION WHEN CALCULATING THE OVERTIME RATE OF PAY, IN VIOLATION OF LABOR CODE SECTIONS 510 & 1194 AND THE WAGE ORDERS;<br><br>4. FAILURE TO PROVIDE MEAL PERIODS AND MEAL PERIOD PREMIUM WAGES IN VIOLATION OF LABOR CODE |

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit A

SECTIONS 226.7 & 512 AND THE WAGE ORDERS;

5. FAILURE TO PAY ALL VACATION WAGES DUE IN VIOLATION OF LABOR CODE SECTION 227.3;

6. FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS IN VIOLATION OF LABOR CODE SECTION 226 AND THE WAGE ORDERS;

7. FAILURE TO TIMELY PAY FINAL WAGES IN VIOLATION OF LABOR CODE SECTIONS 201 & 202; and

8. UNFAIR COMPETITION IN VIOLATION OF BUSINESS & PROFESSIONS CODE SECTION 17200, *et seq.*

DEMAND FOR JURY TRIAL

NOW COMES Plaintiff ISABEL ADAME ("Plaintiff"), on behalf of herself, the general public, and all others similarly situated alleging and complaining against Defendants COMPREHENSIVE HEALTH MANAGEMENT, INC., a Corporation, EASY CHOICE HEALTH PLAN, INC., a California Corporation, WELLCARE and DOES 1 to 100, inclusive, (hereinafter collectively referred to as "Defendants") as follows:

## INTRODUCTION

1. This is a class action lawsuit seeking unpaid wages and interest thereon for Defendants' failure to pay wages for all hours worked at the legal minimum rate of pay; failure to provide legally compliant meal periods and/or pay meal period premium wages; statutory penalties for failure to provide accurate wage statements; waiting time penalties in the form of continuation wages for failure to timely pay employees all earned and unpaid wages due upon separation of employment; applicable civil penalties; injunctive relief and other equitable relief; liquidated damages pursuant to Labor Code Section 1194.2; and reasonable attorney's fees, pursuant to Labor Code Sections 226(e) and 1194; costs, pursuant to Labor Code Section 218.5 and 1194; and interest,

1  | pursuant to Labor Code Sections 218.6 and 1194, brought on behalf of Plaintiff and others similarly
2  | situated.

### JURISDICTION AND VENUE

4  | 2.      This Court has jurisdiction over Plaintiff and the Class Members' claims for
5  | Defendants' failure to pay wages for all hours worked at the legal minimum rate of pay; failure to
6  | provide legally compliant meal periods and/or pay meal period premium wages; statutory penalties
7  | for failure to provide accurate wage statements; waiting time penalties in the form of continuation
8  | wages for failure to timely pay employee all earned and unpaid wages due upon separation of
9  | employment; and claims for injunctive relief and restitution under California Business &
10 | Professions Code Section 17200 *et seq.* for the following reasons: Plaintiff's lawsuit seeks
11 | permanent injunction and damages for herself and the Class Members in excess of $25,000; more
12 | than two-thirds of the putative class members are California citizens; the principal violations of
13 | California law occurred in California; Defendants employed Plaintiff and putative class members in
14 | Los Angeles County and throughout California, including at 10803 Hope Street, Cypress, California
15 | 90630; the conduct of Defendants forms a significant basis for Plaintiff's and the Class Members'
16 | claims; and Plaintiff and the Class Members seek significant relief from Defendants.

### PARTIES

18 | 3.      Plaintiff brings this action on behalf of herself and other members of the general
19 | public similarly-situated. The named Plaintiff and the class of persons on whose behalf this action
20 | is filed are current, former and/or future employees of Defendants who worked, work, or will work
21 | for Defendants as non-exempt hourly employees in California. At all times mentioned herein, the
22 | named Plaintiff is and was domiciled and a resident and citizen of California and was employed by
23 | Defendants in a non-exempt position within the 4 years prior to the filing of the complaint. The
24 | named Plaintiff is no longer an employee of Defendants.

25 | 4.      Defendants employed Plaintiff as an hourly non-exempt employee from on or around
26 | July 2, 2012 until on or around May 21, 2018.

27 | 5.      Plaintiff is informed and believes and thereon alleges that Defendant
28 | COMPREHENSIVE HEALTH MANAGEMENT, INC. is authorized to do business within the

Exhibit A

State of California and is doing business in the State of California and/or that Defendants DOES 1 to 50 are, and at all times relevant hereto were, members and/or managers of Defendant COMPREHENSIVE HEALTH MANAGEMENT, INC. who were acting on behalf of COMPREHENSIVE HEALTH MANAGEMENT, INC. in the establishment of, or ratification, of, the aforementioned illegal payroll practices or policies. At all times mentioned herein, Defendant COMPREHENSIVE HEALTH MANAGEMENT, INC. employed numerous hourly paid employees in Los Angeles County.

6.      Plaintiff is further informed and believes and thereon alleges that Defendants DOES 1 through 25 are corporations, or are other business entities or organizations of a nature unknown to Plaintiff that exert the general control of an "employer" or "principal" over relevant day-to-day aspects of the employment and workplaces behavior of the employees of COMPREHENSIVE HEALTH MANAGEMENT, INC..

7.      Plaintiff is informed and believes and thereon alleges that Defendants DOES 26 through 50 are individuals unknown to Plaintiff that exert the general control of an "employer" or "principal" over relevant day-to-day aspects of the employment and workplaces behavior of the employees of COMPREHENSIVE HEALTH MANAGEMENT, INC.. Each of the individual defendants is sued individually and in his or her capacity as an agent, shareholder, owner, representative, manager, supervisor, independent contractor and/or employee of each Defendant and had operational control for Defendants.

8.      Plaintiff is informed and believes and thereon alleges that Defendant EASY CHOICE HEALTH PLAN, INC. is authorized to do business within the State of California and is doing business in the State of California and/or that Defendants DOES 51 to 100 are, and at all times relevant hereto were, members and/or managers of Defendant EASY CHOICE HEALTH PLAN, INC. who were acting on behalf of EASY CHOICE HEALTH PLAN, INC. in the establishment of, or ratification, of, the aforementioned illegal payroll practices or policies. At all times mentioned herein, Defendant EASY CHOICE HEALTH PLAN, INC. employed numerous hourly paid employees in Los Angeles County.

9.      Plaintiff is further informed and believes and thereon alleges that Defendants DOES

Exhibit A

1  51 through 75 are corporations, or are other business entities or organizations of a nature unknown

2  to Plaintiff that exert the general control of an "employer" or "principal" over relevant day-to-day

3  aspects of the employment and workplaces behavior of the employees of EASY CHOICE HEALTH

4  PLAN, INC..

5       10.    Plaintiff is informed and believes and thereon alleges that Defendants DOES 76

6  through 100 are individuals unknown to Plaintiff that exert the general control of an "employer" or

7  "principal" over relevant day-to-day aspects of the employment and workplaces behavior of the

8  employees of EASY CHOICE HEALTH PLAN, INC.. Each of the individual defendants is sued

9  individually and in his or her capacity as an agent, shareholder, owner, representative, manager,

10  supervisor, independent contractor and/or employee of each Defendant and had operational control

11  for Defendants.

12      11.    Plaintiff is informed and believes and thereon alleges that Defendant WELLCARE

13  HEALTH PLANS OF CALIFORNIA, INC.  is authorized to do business within the State of

14  California and is doing business in the State of California and/or that Defendants DOES 1 to 50 are,

15  and at all times relevant hereto were, members and/or managers of Defendant WELLCARE

16  HEALTH PLANS OF CALIFORNIA, INC.  who were acting on behalf of WELLCARE HEALTH

17  PLANS OF CALIFORNIA, INC.  in the establishment of, or ratification, of, the aforementioned

18  illegal payroll practices or policies. At all times mentioned herein, Defendant WELLCARE

19  HEALTH PLANS OF CALIFORNIA, INC.  employed numerous hourly paid employees in Los

20  Angeles County.

21      12.    Plaintiff is further informed and believes and thereon alleges that Defendants DOES

22  1 through 25 are corporations, or are other business entities or organizations of a nature unknown to

23  Plaintiff that exert the general control of an "employer" or "principal" over relevant day-to-day

24  aspects of the employment and workplaces behavior of the employees of WELLCARE HEALTH

25  PLANS OF CALIFORNIA, INC..

26      13.    Plaintiff is informed and believes and thereon alleges that Defendants DOES 26

27  through 50 are individuals unknown to Plaintiff that exert the general control of an "employer" or

28  "principal" over relevant day-to-day aspects of the employment and workplaces behavior of the

1  employees of WELLCARE HEALTH PLANS OF CALIFORNIA, INC.. Each of the individual
2  defendants is sued individually and in his or her capacity as an agent, shareholder, owner,
3  representative, manager, supervisor, independent contractor and/or employee of each Defendant and
4  had operational control for Defendants.

5      14.    Plaintiff is unaware of the true names of Defendants DOES 1 to 100 and therefore
6  sues said Defendants by said fictitious names, and will amend this complaint when the true names
7  and capacities are ascertained or when such facts pertaining to liability are ascertained, or as
8  permitted by law or by the Court. Plaintiff is informed and believes that each of the fictitiously
9  named defendants is in some manner responsible for the events and allegations set forth in this
10 complaint.

11     15.    Plaintiff is informed, believes, and thereon alleges that at all relevant times, each
12 Defendant was an employer, was the principal, agent, partner, joint venturer, officer, director,
13 controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or
14 predecessor in interest of some or all of the other Defendants, and was engaged with some or all of
15 the other defendants in a joint enterprise for profit, and bore such other relationships to some or all
16 of the other defendants so as to be liable for their conduct with respect to the matters alleged in this
17 complaint. Plaintiff is further informed and believes and thereon alleges that each defendant acted
18 pursuant to and within the scope of the relationships alleged above, and that at all relevant times,
19 each defendant knew or should have known about, authorized, ratified, adopted, approved,
20 controlled, aided and abetted the conduct of all other defendants. As used in this complaint,
21 "Defendants" means "Defendants and each of them," and refers to the Defendants named in the
22 particular cause of action in which the word appears and includes Defendants COMPREHENSIVE
23 HEALTH MANAGEMENT, INC., EASY CHOICE HEALTH PLAN, INC., WELLCARE
24 HEALTH PLANS OF CALIFORNIA, INC. and DOES 1 to 100.

25     16.    At all times mentioned herein, each Defendant was the co-conspirator, agent, servant,
26 employee, and/or joint venturer of each of the other defendants and was acting within the course and
27 scope of said conspiracy, agency, employment, and/or joint venture and with the permission and
28 consent of each of the other Defendants.

17.     Plaintiff is informed and believes and thereon alleges that there exists such a unity of interest and ownership between Defendants COMPREHENSIVE HEALTH MANAGEMENT, INC., EASY CHOICE HEALTH PLAN, INC., WELLCARE HEALTH PLANS OF CALIFORNIA, INC., and DOES 1 to 100, that the individuality and separateness of Defendants have ceased to exist. The business affairs of Defendants are, and at all times relevant hereto were, so mixed and intermingled that the same cannot reasonably be segregated, and the same are in inextricable confusion. Defendants COMPREHENSIVE HEALTH MANAGEMENT, INC., EASY CHOICE HEALTH PLAN, INC., WELLCARE HEALTH PLANS OF CALIFORNIA, INC. are and at all times relevant hereto were, used by Defendants DOES 1 to 100, as a mere shell and conduit for the conduct of Defendants DOES 1 to 100's affairs and was undercapitalized during such use. The recognition of the separate existence of Defendants would not promote justice, in that it would permit Defendants to insulate themselves from liability to Plaintiff. Accordingly, Defendants constitute the alter ego of each other and the fiction of their separate existence must be disregarded.

18.     Plaintiff makes the allegations in this complaint without any admission that, as to any particular allegation, Plaintiff bears the burden of pleading, proving, or persuading and Plaintiff reserves all of Plaintiff's rights to plead in the alternative.

## DESCRIPTION OF ILLEGAL PAY PRACTICES

19.     Pursuant to the applicable Industrial Welfare Commission Wage Order ("Wage Order"), codified at California Code of Regulations title 8, Section 11040, Defendants and business entities sued as DOES 1-100 were employers of Plaintiff within the meaning of the applicable Wage Order and applicable California Labor Code Sections. Therefore, Defendants are jointly and severally liable for the wrongs complained of herein in violation of the Wage Order and the California Labor Code.

20.     **Failure to pay wages for all hours worked at the legal minimum wage:** Defendants employed many of their employees, including Plaintiff, as non-exempt, hourly employees. In California, an employer is required to pay hourly employees for all "hours worked," which includes all time that an employee is under control of the employer and all time the employee

1  is suffered and permitted to work. This includes the time an employee spends, either directly or

2  indirectly, performing services that inure to the benefit of the employer.

3      21.    In this case, Defendants maintained a policy, practice, and/or procedure of requiring

4  off-the-clock work and rounding of hours before and after their scheduled shift whereby it did not

5  compensate employees for those hours. Plaintiff and others similarly situated were not paid for this

6  time. This resulted in time during each workday which Plaintiff and similarly situated employees

7  were under control of Defendants but were not compensated.

8      22.    California Labor Code Sections 1194, 1194.2, and 1197 require an employer to

9  compensate employees for all "hours worked" at least at a minimum wage rate of pay as established

10  by the IWC and the Wage Orders.

11      23.    The foregoing resulted in non-exempt, hourly employees working time for which

12  they were not compensated any wages, in violation of California Labor Code Sections 1194, 1194.2,

13  and 1197; and the IWC Wage Orders.

14      24.    **Failure to pay wages for all hours worked at the employee's overtime rate of**

15  **pay:** Defendants employed many of their employees, including Plaintiff, as non-exempt, hourly

16  employees. In California, an employer is required to pay hourly employees for all "hours worked,"

17  which includes all time that an employee is under control of the employer and all time the employee

18  is suffered and permitted to work. This includes the time an employee spends, either directly or

19  indirectly, performing services that inure to the benefit of the employer.

20      25.    California Labor Code Sections 510 and 1194 require an employer to compensate

21  employees a higher rate of pay for hours worked in excess of 8 hours in a workday, 40 hours in a

22  workweek, and on any seventh consecutive day of work in a workweek.

23
24
25
26
27
    Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

28

1    Lab. Code §510.

2        26.    In this case, Defendants maintained a policy, practice, and/or procedure of requiring

3    off-the-clock work and rounding of hours before and after their scheduled shift whereby it did not

4    compensate employees fully for all hours, which reduced the daily hours worked by Plaintiff and

5    others similarly situated.  Plaintiff and others similarly situated were not paid for this time.  This

6    resulted in time during each workday which Plaintiff and similarly situated employees were under

7    control of Defendants but were not compensated.

8        27.    To the extent the employees had already worked 8 hours in a workday and/or 40

9    hours in a workweek, the foregoing resulted in non-exempt, hourly employees working time that

10   should have been paid at the legal overtime rate, but was not paid any wages in violation of Labor

11   Code Sections 510 and 1194; and the IWC Wage Orders.

12       28.    **Failure to pay overtime at the proper overtime rate by failing to include all**

13   **remuneration in calculating the regular rate of pay for purposes of paying overtime:** Under

14   California law in determining the regular rate of pay for purposes of calculating the proper overtime

15   premium pay the employer must consider not only straight hourly wage compensation but must also

16   include payment of all remuneration earned during the applicable time period.

17       29.    At times, Plaintiff and similarly situated hourly, non-exempt employees received

18   additional remuneration, including bonuses, among others, during pay periods in which they had

19   worked over eight hours in a day, over forty hours in a week, or on a seventh consecutive day of

20   work in a workweek.  Defendants failed to account for the additional remuneration when calculating

21   Plaintiff and similarly situated employees' overtime rate of pay. This policy and practice resulted in

22   Defendants paying their hourly non-exempt employees less overtime then they should have

23   received.

24       30.    Defendants' policies and procedures were applied to all hourly non-exempt

25   employees in California and resulted in hourly non-exempt employees not receiving all overtime

26   wages due to them in violation of Labor Code Sections 510, 1194, and the Wage Orders.

27       31.    **Failure to provide non-exempt employees with legally compliant meal periods**

28   **and/or pay non-exempt employees wages to compensate them for workdays Defendants failed**

to provide legally compliant meal periods: Defendants often employ non-exempt employees, including the named Plaintiff and all others similarly-situated, for shifts of more than 10 hours per day without providing legally compliant meal periods.   California law requires an employer to provide an employee an uninterrupted meal period of no less than 30-minutes before the end of a 5-hour work period.  Lab. Code § 512.  An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes before the end of the tenth hour of work.  *Id.*  If an employer fails to provide an employee a meal period in accordance with the law, the employer must pay the employee one hour of pay at the employee's regular rate of compensation for each work day that a legally required meal period was not provided or was not duty free.  *Id.*

32.    Plaintiff and similarly situated employees would work on workdays in shifts of more than 6 hours per day.  Defendants maintained a policy, practice, and/or procedure, however, that failed to provide for legally compliant timely first meal period before the end of the fifth hour of work when hourly employees worked shifts of more than 6 hours per day and/or second duty-free 30-minute uninterrupted meal periods when hourly employees worked more than 10 hours in a day, throughout the class period.  Defendants also failed to provide the employees with premium wages for these non-compliant first and second meal periods.   Defendants' failure to provide the employees with legally compliant meal periods was in violation of Labor Code Section 226.7 and the IWC Wage Orders.  Accordingly, Defendants owe each hourly employee wages for each day that employees were not provided with compliant meal periods.

33.    **Failure to pay all vacation wages due in violation of Labor Code section 227.3:** Labor Code section 227.3 states in relevant part:

> [W]henever a contract of employment or employer policy provides for paid vacations, and an employee is terminated without having taken off his vested vacation time, all vested vacation shall be paid to him as wages at his final rate in accordance with such contract of employment or employer policy respecting eligibility or time served, provided, however, that an employment contract or employer policy shall not provide for forfeiture of vested vacation time upon termination. ...

Lab. Code § 227.3; *see Suastez v. Plastic Dress-up Co.* (1982) 31 Cal.3d 774.

34.     Defendants possessed a policy providing for paid vacations and or "paid time off" which accrued every pay period. Plaintiff and similarly situated employees accrued vacation under Defendants' policies, however, Defendants failed to follow their own policies in the accrual of vacation and failed to pay Plaintiff and other non-exempt employees all vacation pay that was due to them after the vacation pay vested. Lab. Code § 227.3, *Suastez v. Plastic Dress-up Co.* (1982) 31 Cal.3d 774 (vacation entitlements constitute deferred wages which vests as labor is rendered and is due to employees at a pro rata share without any reduction or loss based on conditions imposed by the employer).

35.     Defendants' policies and procedures resulted in hourly non-exempt employees not receiving all vacation wages due to them in violation of Labor Code § 227.3.

36.     **Pay Stub Violations:** California Labor Code Section 226(a) provides (*inter alia*) that, upon paying an employee his or her wages, the employer must "furnish each of his or her employees ... an itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided, that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the pay period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

37.     Defendants failed to provide accurate and complete wage statements to Plaintiff and other non-exempt, hourly employees. Defendants' failure to include wages for all hours worked, failure to compensate employees at the appropriate overtime rate of pay, which included all renumeration, and failure to pay first and second meal period premium wages for meal periods that were either not provided or non-complaint resulted in Defendants providing their non-exempt, hourly employees with inaccurate itemized wage statements in violation of Labor Code Section

226(a) because they did not reflect all of the employees' earnings. This intentional inaccurate information prevented Plaintiff and other non-exempt, hourly employees from knowing the actual wages and calculating their actual wages which resulted in Plaintiff and other hourly class members to suffer actual damages.

38.   **Failure to Pay California Employees All Wages Due at Time of Termination/Resignation**: An employer is required to pay all unpaid wages timely after an employee's employment ends. The wages are due immediately upon termination (Lab. Code § 201) or within 72 hours of resignation (Lab. Code § 202). Pursuant to Defendants' practices, policies, and procedures, Plaintiff was terminated from her position on or about May 21, 2018 but as a result of the aforementioned violations Defendants have failed to pay Plaintiff and other non-exempt, hourly employees all wages earned and due at the time of termination or resignation, including minimum and overtime wages owed and premium wages for any and all missed meal periods and never paid these amounts after Plaintiff and other non-exempt, hourly employees separated employment with Defendants. As a result, Defendants failed to provide all separated employees whose employment ended within three years prior to the filing of the Complaint all earned and unpaid wages.

## CLASS DEFINITIONS AND CLASS ALLEGATIONS

39.   This action has been brought and may properly be maintained as a class action pursuant to California Code of Civil Procedure Section 382 and other applicable law, because there is a well-defined community of interest in the litigation and the proposed classes are ascertainable.

40.   Plaintiff brings this action on behalf of herself, on behalf of all others similarly situated, and on behalf of the General Public, and as a member of a Class defined as follows:

A.   **Minimum Wage Class**: All current and former hourly non-exempt employees employed by Defendants in California at any time within the four years prior to the filing of the initial complaint in this action and through the date notice is mailed to a certified class who were not paid at least at minimum wage for all time they were subject to Defendants' control.

B.   **Overtime Class**: All current and former hourly non-exempt employees employed by Defendants in California at any time within the four years prior to the filing of the

1   initial complaint in this action and through the date notice is mailed to a certified class who worked

2   more than eight hours in a workday and/or 40 hours in a workweek to whom Defendants did not pay

3   the requisite overtime wages.

4           C.    **Regular Rate Class:** All current and former hourly non-exempt employees

5   employed by Defendants in California at any time within the four years prior to the filing of the

6   initial complaint in this action and through the date notice is mailed to a certified class who earned

7   additional remuneration during pay periods the employees worked in excess of 8 hours in a

8   workday, 40 hours in a workweek, and/or on a seventh consecutive day of work in a workweek.

9           D.    **Meal Period Class:** All current and former non-exempt, hourly employees

10  employed by Defendants in California at any time within the four years prior to the filing of the

11  initial complaint in this action and through the date notice is mailed to a certified class who worked

12  at least 5 hours in a workday and did not receive wages to compensate them for non-compliant

13  untimely first meal periods and second meal periods.

14          E.    **Vacation Class:** All current and former hourly non-exempt employees

15  employed by Defendants in California at any time within the four years prior to the filing of the

16  initial complaint in this action and through the date notice is mailed to a certified class who did not

17  receive all vested vacation wages in compliance with California law.

18          F.    **Wage Statement Class:** All current and former non-exempt, hourly

19  employees employed by Defendants in California at any time within four years prior to the filing of

20  the initial complaint in this action and through the date notice is mailed to a certified class who

21  received inaccurate and/or incomplete itemized wage statements.

22          G.    **Waiting Time Class:** All current and former non-exempt, hourly employees

23  employed by Defendants in California at any time within four years prior to the filing of the initial

24  complaint in this action and through the date notice is mailed to a certified class whose employment

25  ended and they did not receive payment of all unpaid wages within the statutory time period after

26  separation of employment.

27          H.    **California Class:** All aforementioned classes are here collectively referred to

28  as the "California Class."

1    41.    All Classes are here collectively referred to as "California Class".

2    42.    There is a well-defined community of interest in the litigation and the classes are
3    ascertainable:

4         A.    **Numerosity:** The Plaintiff classes are so numerous that the individual joinder
5    of all members is impractical under the circumstances of this case. While the exact number of class
6    members in each class is unknown to Plaintiff at this time, Plaintiff is informed and believes and
7    thereon allege that, in California, each class has over 100 members.

8         B.    **Common Questions Predominate:** Common questions of law and fact exist
9    as to all members of the Plaintiff classes and predominates over any questions that affect only
10   individual members of each class. The common questions of law and fact include, but are not
11   limited to:

12             (i)    Whether Defendants violated California Labor Code Sections 1194,
13   1194.2 and/or 1197 by not paying employees' wages at a minimum wage rate for all time that the
14   Minimum Wage Class Members were subject to Defendants' control but were not paid;

15             (ii)    Whether Defendants' violated California Labor Code sections 510
16   and 1194 by failing to compensate employees for all hours worked at the requisite overtime rate of
17   pay for the Overtime Class;

18             (iii)    Whether DEFENDANTS violated Labor Code sections 510 and 1194
19   by not properly including all remuneration toward calculation of overtime for Regular Rate Class
20   Members;

21             (iv)    Whether Defendants unlawfully failed to provide the Meal Period
22   Class with proper meal periods or an additional hour of wages for every day such periods were not
23   provided;

24             (v)    Whether Defendants failed to pay the Vacation Class all vested
25             vacation wages;

26             (vi)    Whether Defendants unlawfully failed to furnish the Wage Statement
27   Class with proper accurate itemized wage statements;

28             (vii)    Whether Defendants failed to provide the Waiting Time Class with all

1  unpaid wages within the statutory time period following separation of employment;

2          (viii)   Whether Defendants violated Business & Professions Code Section

3  17200, *et seq.* by their wage and hour practices, furnishing of accurate itemized wage statement

4  practices, vacation pay, as well as, payment at the time of separation practices;

5          (ix)   Whether Class Members are entitled to unpaid wages, liquidated

6  damages, penalties, interest, fees and other relief in conjunction with their claims; and

7          (x)   Whether, as a consequence of Defendants' unlawful conduct, the

8  Class Members are entitled to restitution, and/or equitable relief; and

9          (xi)   Plaintiff anticipates that Defendants' affirmative defenses will raise

10  additional common issues of fact and law.

11        C.   **Typicality:** Plaintiff's claims are typical of the claims of the class members

12  in each of the classes.  Plaintiff and the members of the Minimum Wage Class and Overtime Class

13  sustained damages arising of Defendants' failure to pay minimum and overtime wages for all hours

14  worked.  Plaintiff and the members of the Meal Period Classes sustained damages arising out of

15  Defendants' failure to provide legally compliant meal periods and/or meal period premium wages.

16  Plaintiff and the members of the Wage Statement Class sustained damages arising out of

17  Defendants' failure to furnish them with proper Itemized Wage Statements.  Plaintiff and the

18  members of the Waiting Time Class sustained damages arising out of Defendants' failure to provide

19  all wages due upon the end of their employment.   Plaintiff and the Vacation Class sustained

20  damages arising out of Defendants' failure to provide employees with all vested vacation wages.

21        D.   **Adequacy of Representation:** Plaintiff will fairly and adequately protect the

22  interests of the members of each class.  Plaintiff has no interest that is adverse to the interests of the

23  other class members.  Plaintiff has retained counsel competent and experienced in complex class

24  action litigation and Plaintiff intends to prosecute this action vigorously.  The interests of the

25  members of the Classes will be fairly and adequately protected by Plaintiff and her counsel.

26        E.   **Superiority:** A class action is superior to other available means for the fair

27  and efficient adjudication of this controversy. Because individual joinder of all members of each

28  class is impractical, class action treatment will permit a large number of similarly situated persons to

1   prosecute their common claims in a single forum simultaneously, efficiently, and without the

2   unnecessary duplication of effort and expense that numerous individual actions would engender.

3   The expenses and burdens of individual litigation would make it difficult or impossible for

4   individual members of each class to redress the wrongs done to them, while important public

5   interests will be served by addressing the matter as a class action. The cost to and burden on the

6   court system of adjudication of individualized litigation would be substantial, and substantially

7   more than the costs and burdens of a class action. Individualized litigation would also present the

8   potential for inconsistent or contradictory judgments.

9          F:      **Public Policy Consideration:** Employers throughout the state violate wage

10  and hour laws. Current employees are often afraid to assert their rights out of fear of direct or

11  indirect retaliation. Former employees are fearful of bringing actions because they perceive their

12  former employers can blacklist them in their future endeavors through negative references and by

13  other means. Class actions provide the class members who are not named in the Complaint with a

14  type of anonymity that allows for vindication of their rights.

15                          **FIRST CAUSE OF ACTION**

16  **FAILURE TO PAY WAGES FOR ALL HOURS OF WORK AT THE LEGAL MINIMUM**

17  **WAGE RATE IN VIOLATION OF LABOR CODE SECTIONS 1194, 1194.2, & 1197 AND**

18                          **THE WAGE ORDERS**

19      **(On Behalf of the Minimum Wage Class against All Defendants and Does 1-100)**

20      43.    Plaintiff hereby incorporates by reference paragraphs 1-42 above, as if fully set

21  herein by reference.

22      44.    At all times relevant to this Complaint, Plaintiff and the members of the Minimum

23  Wage Class were hourly employees of Defendants.

24      45.    Pursuant to Labor Code Sections 1194, 1194.2, and 1197, and the IWC Wage Orders,

25  Plaintiff and the Minimum Wage Class are entitled to receive wages for all hours worked, i.e., all

26  time subject to Defendants' control, and those wages must be paid at least at the minimum wage rate

27  in effect during the time the employees earned the wages.

28

46.     In this case, Defendants maintained a policy, practice, and/or procedure of requiring off-the-clock and rounding of hours worked before and after their scheduled shift whereby it did not compensate employees for those hours.  Plaintiff and others similarly situated were not paid for this time.  This resulted in time during each workday which Plaintiff and similarly situated employees were under control of Defendants but were not compensated.

47.     As a result of Defendants' unlawful conduct, Plaintiff and members of the Minimum Wage Class have suffered damages in an amount subject to proof, to the extent that they were not paid wages at a minimum wage rate for all hours worked.

48.     Pursuant to California Labor Code Sections 1194, 1194.2, and 1197, Plaintiff and the Minimum Wage Class members are entitled to recover unpaid minimum wage, interest thereon, liquidated damages in the amount of their unpaid minimum wage, and attorneys' fees and costs.

## SECOND CAUSE OF ACTION

### FAILURE TO PAY WAGES FOR ALL TIME WORKED AT OVERTIME RATE IN IN VIOLATION OF LABOR CODE SECTIONS 510 & 1194 AND THE WAGE ORDERS

#### (On Behalf of the Overtime Class against All Defendants and Does 1-100)

49.     Plaintiff hereby incorporates by reference paragraphs 1-48 above, as if fully set herein by reference.

50.     At times relevant to this Complaint, Plaintiff and the members of the Overtime Class were non-exempt employees of Defendants covered by California Labor Code Sections 510 and 1194 and the Wage Order.

51.     Pursuant to California Labor Code Sections 510 and 1194 and the Wage Order, non-exempt employees are entitled to receive a higher rate of pay for all hours worked in excess of 8 hours in a workday and/or 40 hours in a workweek.

52.     California Labor Code Section 510, subdivision (a), states in relevant part:

Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the

regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee. Nothing in this section requires an employer to combine more than one rate of overtime compensation in order to calculate the amount to be paid to an employee for any hour of overtime work.

53. Further, California Labor Code Section 1198 provides,

The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful.

54. In this case, Defendants maintained policies, practices, and/or procedures whereby they (i) required off-the-clock work before and after each shift; and (ii) "rounded" down or "shaved" daily hours worked at the time of their clock-in, all of which reduced the daily hours and thus overtime hours worked by Plaintiff and members of the Overtime Class. Plaintiff and members of the Overtime Class were not paid for this time. This resulted in time during each workday which Plaintiff and members of the Overtime Class were under control of Defendants but were not compensated. To the extent Plaintiff and members of the Overtime Class had already worked 8 hours in a workday and/or 40 hours in a workweek and/or on the seventh consecutive day, the foregoing resulted in non-exempt, hourly employees working time that should have been paid at the legal overtime rate, but were not paid any wages in violation of Labor Code Sections 510 and 1194, and the IWC Wage Orders.

55. As a result of Defendants' unlawful conduct, Plaintiff and members of Overtime Class have suffered damages in an amount subject to proof, to the extent that they were not paid wages at an overtime rate of pay for all hours worked which constitute overtime.

56. Pursuant to California Labor Code Sections 510 and 1194, Plaintiff and Overtime Class members are entitled to recover the full amount of their unpaid overtime wages, interest thereon, and attorneys' fees and costs.

///

///

1

## THIRD CAUSE OF ACTION

2   FAILURE TO INCLUDE ALL REMUNERATION WHEN CALCULATING THE

3   OVERTIME RATE IN VIOLATION OF LABOR CODE SECTIONS 510 AND 1194

4   (On Behalf of the Regular Rate Class against DEFENDANTS and DOE Defendants)

5        57.   PLAINTIFF hereby incorporates by reference paragraphs 1-56 above, as if fully set

6   herein.

7        58.   At times relevant to this Complaint, PLAINTIFF and the members of the Regular

8   Rate Class were hourly non-exempt employees of DEFENDANTS covered by Labor Code sections

9   510, 1194 and the Wage Orders.

10        59.   Labor Code sections 510, 1194 and the Wage Orders, non-exempt employees are

11   entitled to receive a higher rate of pay for all hours worked in excess of 8 hours in a workday; 40

12   hours in a workweek; or on any seventh consecutive day of work in a workweek.

13        60.   Labor Code section 510, subdivision (a), states in relevant part:

14   
15          Eight hours of labor constitutes a day's work. Any work in excess of
16          eight hours in one workday and any work in excess of 40 hours in any
          one workweek and the first eight hours worked on the seventh day of
17          work in any one workweek shall be compensated at the rate of no less
          than one and one-half times the regular rate of pay for an employee.
18          Any work in excess of 12 hours in one day shall be compensated at
          the rate of no less than twice the regular rate of pay for an employee.
19          In addition, any work in excess of eight hours on any seventh day of a
          workweek shall be compensated at the rate of no less than twice the
20          regular rate of pay of an employee. Nothing in this section requires an
          employer to combine more than one rate of overtime compensation in
21          order to calculate the amount to be paid to an employee for any hour
          of overtime work.

22        61.   At times, Plaintiff and similarly situated employees would receive additional

23   remuneration, including bonus payments.  Defendants failed to account for the additional

24   remuneration when calculating the regular rate of pay for purposes of paying overtime.  This

25   resulted in Plaintiff and other hourly non-exempt employees receiving less overtime than they were

26   entitled to during time periods that they earned additional remuneration and worked overtime.

27        62.   As a result of Defendants' unlawful conduct, Plaintiff and the members of the

28

1   Regular Rate Class have suffered damages in an amount subject to proof, to the extent that they
2   were not paid all overtime due when receiving additional remuneration.

3          63.     Pursuant to California Labor Code section 1194, Plaintiff and the Regular Rate Class
4   are entitled to recover the full amount of their unpaid overtime wages, prejudgment interest and
5   attorneys' fees and costs.

6                          **FOURTH CAUSE OF ACTION**

7   **FAILURE TO PROVIDE MEAL PERIODS AND MEAL PERIOD PREMIUM WAGES IN**
8   **VIOLATION OF LABOR CODE SECTIONS 226.7 & 512 AND THE WAGE ORDERS**

9          **(On Behalf of the Meal Period Class against All Defendants and Does 1-100)**

10         64.     Plaintiff hereby incorporates by reference paragraphs 1-63 above, as if fully set
11  herein.

12         65.     At all relevant times, Plaintiff and members of the Meal Period Class were non-
13  exempt, hourly employees of Defendants covered by Labor Code Sections 226.7 & 512 and the
14  IWC Wage Orders.

15         66.     Pursuant to Labor Code Sections 226.7 & 512 and the IWC Wage Orders, an
16  employer is required to provide an employee an uninterrupted meal period of no less than 30-
17  minutes before the end of a 5-hour work period. Lab. Code § 512. An employer may not employ an
18  employee for a work period of more than 6 hours per day without providing the employee with a
19  meal period of not less than 30 minutes before the end of the 5-hour work period. *Id.* An employer
20  may not employ an employee for a work period of more than 10 hours per day without providing the
21  employee with a second meal period of not less than 30 minutes before the end of the tenth hour of
22  work. *Id.* If an employer fails to provide an employee a timely first and/or second meal period in
23  accordance with the law, the employer must pay the employee one hour of pay at the employee's
24  regular rate of compensation for each work day that a legally compliant first and/or second meal
25  period was not provided or was not duty free. *Id.*

26         67.     Plaintiff and similarly situated employees would work on workdays in shifts of more
27  than 6 hours per day. Defendants maintained a policy, practice, and/or procedure, however, that
28  failed to provide for legally compliant timely first meal period before the end of the fifth hour of

work when hourly employees worked shifts of more than 6 hours per day and/or second duty-free 30-minute uninterrupted meal periods when hourly employees worked more than 10 hours in a day, throughout the class period. Defendants also failed to provide the employees with premium wages for these non-compliant first and second meal periods. Defendants' failure to provide the employees with legally compliant meal periods was in violation of Labor Code Section 226.7 and the IWC Wage Orders. Accordingly, Defendants owe each hourly employee wages for these non-compliant meal periods.

68. Despite that California law requires employers to provide employees with timely and uninterrupted first and second meal periods when they have worked a sufficient amount of hours, Plaintiff is informed and believes and thereon alleges that Defendants did not provide Plaintiff and members of the Meal Period Class with legally compliant meal periods.

69. As a result of Defendants' unlawful conduct, Plaintiff and members of the Meal Period Class have suffered damages in an amount, subject to proof, to the extent they were not paid an hour wage for every meal period which they did not properly receive.

70. Pursuant to Labor Code Sections 226.7 and 512, Plaintiff and members of the Meal Period Class are entitled to recover the full amount of unpaid meal period wages, interest thereon, and costs of suit.

## FIFTH CAUSE OF ACTION

### FAILURE TO PAY ALL VACATION WAGES DUE IN VIOLATION OF LABOR CODE SECTION 227.3

**(On Behalf of the Vacation Class against DEFENDANTS and DOE Defendants)**

71. Plaintiff hereby incorporates by reference paragraphs 1-70 above, as if fully set herein.

72. Labor Code section 227.3 states in relevant part:

> [W]henever a contract of employment or employer policy provides for paid vacations, and an employee is terminated without having taken off his vested vacation time, all vested vacation shall be paid to him as wages at his final rate in accordance with such contract of employment or employer policy respecting eligibility or time served, provided, however, that an employment contract or employer policy

shall not provide for forfeiture of vested vacation time upon termination. ...

Lab. Code §227.3; see *Suastez v. Plastic Dress-up Co.* (1982) 31 Cal.3d 774.

73.    Defendants possessed a policy providing for paid vacations. Plaintiff and similarly situated employees accrued vacation under Defendants' policies. However, Defendants failed to follow its own policies in the accrual of vacation and failed to pay Plaintiff and other hourly non-exempt employees all vacation pay that was due to them after such vacation pay vested. *Suastez v. Plastic Dress-up Co.* (1982) 31 Cal.3d 774 (vacation entitlements constitute deferred wages which vests as labor is rendered and is due to employees at a pro rata share without any reduction or loss based on conditions imposed by the employer).

74.    Defendants' vacation policies and procedures were applied to Plaintiff and hourly non-exempt employees in California and resulted in non-exempt employees not receiving all vacation wages due to them in violation of Labor Code section 227.3.

75.    As a result of Defendants' unlawful conduct, Plaintiff and members of the Vacation Class have suffered damages in an amount, subject to proof, to the extent they did not receive all accrued vacation pay.

76.    Plaintiff and members of the Vacation Class are entitled to recover the full amount of unpaid vacation pay, interest thereon, and costs of suit.

## SIXTH CAUSE OF ACTION

### FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS IN VIOLATION OF

### LABOR CODE SECTION 226 AND THE WAGE ORDERS

**(On Behalf of the Wage Statement Class against All Defendants and Does 1-100)**

77.    Plaintiff hereby incorporates by reference paragraphs 1-76 above, as if fully set herein by reference.

78.    At all relevant times, Plaintiff and members of the Wage Statement Class were employees of Defendants covered by Labor Code Section 226 and the IWC Wage Orders.

79.    Pursuant to Labor Code Section 226, subdivision (a), and IWC Wage Orders, Plaintiff and the other members of the Wage Statement Class were entitled to receive semimonthly

or at the time of each payment of wages, an accurate itemized wage statement which included, but not limited to, the following: (a) gross wages earned; (b) the total hours worked by the employee; (c) net wages earned; (d) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee; and (e) the name and address of the legal entity that is the employer.

80.     Defendants failed to provide accurate and complete wage statements to Plaintiff and members of the Wage Statement Class. Defendants' failure to pay minimum wages for all hours worked, failure to provide legally compliant meal periods and/or pay meal period premium wages resulted in Defendants providing their non-exempt, hourly employees with inaccurate itemized wage statements in violation of Labor Code Section 226(a) because they did not reflect all of the employees' earnings. This intentional inaccurate information prevented Plaintiff and members of the Wage Statement Class from knowing the actual wages and calculating their actual wages which resulted in Plaintiff and members of the Wage Statement Class to suffer actual damages.

81.     Defendants' failure to provide Plaintiff and members of the Wage Statement Class with accurate wage statements was knowing and intentional. Defendants had the ability to provide Plaintiff and members of the Wage Statement Class with accurate wage statements but intentionally provided wage statements that Defendants knew were not accurate.

82.     As a result of Defendants' conduct, Plaintiff and members of the Wage Statement Class have suffered injury. The absence of accurate information on their wage statements has prevented earlier challenges to Defendants unlawful pay practices, required discovery and mathematical computations to determine the amount of wages owed, caused difficulty and expense in attempting to reconstruct time and pay records, and/or led to the submission of inaccurate information about wages and amounts deducted from wages to state and federal government agencies.

83.     Pursuant to Labor Code Section 226(e), Plaintiff and members of the Wage Statement Class are entitled to recover fifty (50) dollars for the initial pay period within the applicable limitations period in which a violation of Labor Code Section 226 occurred and one hundred dollars for each violation of Labor Code Section 226 in a subsequent pay period, not to

Exhibit A

1   exceed an aggregate penalty of four thousand (4,000) dollars per employee.

2       84.    Pursuant to Labor Code Section 226, Plaintiff and members of the Wage Statement

3   Class are entitled to recover the full amount of penalties due under Labor Code Section 226(e) and

4   reasonable attorney's fees.

5       85.    Pursuant to Labor Code Sections 218 and 226(e), Plaintiff and members of the Wage

6   Statement Class are entitled to recover the full amount of penalties due under Labor Code Section

7   226(e), reasonable attorney's fees and costs of suit.

8                          SEVENTH CAUSE OF ACTION

9   FAILURE TO TIMELY PAY FINAL WAGES IN VIOLATION OF LABOR CODE

10                            SECTIONS 201 & 202

11        (On Behalf of the Waiting Class against All Defendants and Does 1-100)

12       86.    Plaintiff hereby incorporates by reference paragraphs 1-85 above, as if fully set

13   herein.

14       87.    At all relevant times, Plaintiff and members of the Waiting Time Class were

15   employees of Defendants covered by Labor Code Sections 201 or 202.

16       88.    Pursuant to Labor Code Sections 201 or 202, Plaintiff and members of the Waiting

17   Time Class were entitled upon separation of employment to timely payment of all wages earned and

18   unpaid prior to separation of employment. Discharged employees were entitled to payment of all

19   wages earned and unpaid prior to discharge immediately upon termination. Employees who

20   resigned were entitled to payment of all wages earned and unpaid prior to resignation within 72

21   hours after giving notice of resignation or, if they gave 72 hours previous notice, they were entitled

22   to payment of all wages earned and unpaid prior to resignation at the time of resignation.

23       89.    Defendants failed to pay Plaintiff and members of the Waiting Time Class all wages

24   earned and unpaid prior to separation in accordance with Labor Code Sections 201 and/or 202.

25   Plaintiff is informed and believes and thereon alleges that at all relevant times within the limitations

26   period applicable to this cause of action, Defendants maintained a policy or practice of failing to pay

27   wages due at the time of separation of employment, including minimum and overtime wages for all

28   hours worked and premium wages for all non-compliant meal periods.

Exhibit A

90.     Defendants' failure to pay Plaintiff and members of the Waiting Time Class all wages earned prior to separation timely in accordance with Labor Code Sections 201 and/or 202 was willful. Defendants had the ability to pay all wages earned by Plaintiff and members of the Waiting Time Class prior to separation in accordance with Labor Code Sections 201 and/or 202, but intentionally adopted policies or practices incompatible with the requirements of Labor Code Sections 201 and/or 202. When Defendants failed to pay Plaintiff and members of the Waiting Time Class timely upon separation all wages earned prior to separation, Defendants knew what they were doing and intended to do what they did.

91.     Pursuant to Labor Code Sections 201 or 202, Plaintiff and members of the Waiting Time Class are entitled to all wages earned prior to separation of employment that Defendants did not pay them.

92.     Pursuant to Labor Code Section 203, Plaintiff and members of the Waiting Time Class are entitled to continuation of their wages, from the day their earned and unpaid wages were due upon separation of employment until paid, up to a maximum of 30 days.

93.     As a result of Defendants' conduct, Plaintiff and members of the Waiting Time Class have suffered damages in an amount, subject to proof, to the extent they were not paid for all wages earned prior to separation of employment.

94.     As a result of Defendants' conduct, Plaintiff and members of the Waiting Time Class have suffered damages in an amount, subject to proof, to the extent they were not paid all continuation wages owed under Labor Code Section 203.

95.     Pursuant to Labor Code Sections 201, 202, and 203, Plaintiff and members of the Waiting Time Class are entitled to recover the full amount of their unpaid wages, continuation wages under Section 203, interest thereon, reasonable attorney's fees and costs of suit.

## EIGHTH CAUSE OF ACTION

## UNFAIR COMPETITION IN VIOLATION OF BUSINESS & PROFESSIONS CODE

## SECTION 17200, *et seq.*

**(On Behalf of the California Class against All Defendants and Does 1-100)**

96.     Plaintiff hereby incorporates by reference paragraphs 1-95 above, as if fully set

Exhibit A

1  herein by reference.

2  97.  The unlawful conduct of Defendants alleged herein constitutes unfair competition

3  within the meaning of California Business and Professions Code Section 17200. This unfair conduct

4  includes Defendants' use of policies and procedures which resulted in their failure to pay minimum

5  and overtime wages for all hours worked; failure to provide legally compliant meal periods and/or

6  pay meal period premium wages; and to provide accurate itemized wage statements.

7  98.  Due to their unfair and unlawful business practices in violation of the California

8  Labor Code, as outline above, Defendants have gained a competitive advantage over other

9  comparable companies doing business in the State of California that comply with their obligations

10  to pay minimum and overtime wages for all hours worked; to provide legally compliant meal

11  periods and/or pay meal period premium wages; and to provide accurate itemized wage statements.

12  99.  As a result of Defendants' unfair competition as alleged herein, Plaintiff and

13  members of the Minimum Wage Class, Overtime Class, Meal Period Class, Vacation Class, Wage

14  Statement Class, and/or Waiting Time Class have suffered injury in fact and lost money or property,

15  as described in more detail above.

16  100.  Pursuant to California Business and Professions Code Section 17203, Plaintiff and

17  members of the Minimum Wage Class, Meal Period Class, Vacation Class, Wage Statement Class,

18  and/or Waiting Time Class are entitled to restitution of all wages and other monies rightfully

19  belonging to them that Defendants failed to pay and wrongfully retained by means of their unlawful

20  and unfair business practices.

21  101.  Plaintiff also seeks an injunction against Defendants on behalf of members of the

22  California Class enjoining them, and any and all persons acting in concert with them, from engaging

23  in each of the unlawful practices, policies and patterns set forth herein.

24  102.  Plaintiff and members of the California Class also seeks attorneys' fees and costs of

25  suit, including but not limited to that recoverable under California Code of Civil Procedure Section

26  1021.5.

27  ///

28  ///

Exhibit A

Exhibit A

## PRAYER FOR RELIEF

### ON ALL CAUSES OF ACTION:

1.  That the Court determine that this action may be maintained as a class action (for the entire California Class and/or any and all of the specified sub-classes) pursuant to Code of Civil Procedure Section 382 and any other applicable law;

2.  That the named Plaintiff be designated as class representative for the California Class (and all sub-classes thereof);

3.  A declaratory judgment that the practices complained herein are unlawful;

4.  An injunction against Defendants enjoining them, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies and patterns set forth herein; and

5.  For attorneys' fees and costs of suit, including but not limited to that recoverable under Code of Civil Procedure Section 1021.5.

### ON THE FIRST CAUSE OF ACTION:

1.  That Defendants be found to have violated the minimum wage provisions of the California Labor Code and the IWC Wage Order as to Plaintiff and the Minimum Wage Class;

2.  For damages, according to proof, including but not necessarily limited to unpaid wages;

3.  For any and all legally applicable penalties;

4.  For liquidated damages pursuant to California Labor Code Section 1194.2;

5.  For pre-judgment interest, including but not limited to that recoverable under California Labor Code Section 1194, and post-judgment interest;

6.  For attorneys' fees and costs of suit, including but not limited to that recoverable under California Labor Code Section 1194;

7.  For such and other further relief, in law and/or equity, as the Court deems just or appropriate.

### ON THE SECOND CAUSE OF ACTION:

1.  That Defendants be found to have violated the overtime provisions of the Labor

Exhibit A

1    Code and the IWC Wages Orders as to the Plaintiff and the Overtime Class;

2        2.     For damages, according to proof, including but not necessarily limited to unpaid

3    wages;

4        3.     For any and all legally applicable penalties;

5        4.     For pre-judgment interest, including but not limited to that recoverable under

6    California Labor Code section 1194, and post-judgment interest;

7        5.     For attorneys' fees and costs of suit, including but not limited to that recoverable

8    under California Labor Code section 1194; and,

9        6.     For such and other further relief, in law and/or equity, as the Court deems just or

10    appropriate.

11              **ON THE THIRD CAUSE OF ACTION:**

12        1.     That Defendants be found to have violated the overtime provisions of the Labor

13    Code and the IWC Wages Orders as to the Plaintiffs and the Regular Rate Class;

14        2.     For damages, according to proof, including but not necessarily limited to unpaid

15    wages;

16        3.     For any and all legally applicable penalties;

17        4.     For pre-judgment interest, including but not limited to that recoverable under

18    California Labor Code section 1194, and post-judgment interest;

19        5.     For attorneys' fees and costs of suit, including but not limited to that recoverable

20    under California Labor Code section 1194; and,

21        6.     For such and other further relief, in law and/or equity, as the Court deems just or

22    appropriate.

23              **ON THE FOURTH CAUSE OF ACTION:**

24        1.     That the Defendants be found to have violated the meal period provisions of the

25    Labor Code and the IWC Wages Orders as to Plaintiff and the Meal Period Class;

26        2.     For damages, according to proof, including unpaid wages;

27        3.     For any and all legally applicable penalties;

28        4.     For pre-judgment interest, including but not limited to that recoverable under Labor

1    Code Section 218.6, and post-judgment interest; and

2         5.        For such and other further relief, in law and/or equity, as the Court deems just or
3    appropriate.

4                          **ON THE FIFTH CAUSE OF ACTION:**

5         1.        That the Defendants be found to have violated the vested vacation provisions of the
6    Labor Code and the IWC Wages Orders as to the Plaintiffs and the Vacation Class;

7         2.        For damages, according to proof, including but not necessarily limited to unpaid
8    wages;

9         3.        For any and all legally applicable penalties;

10        4.        For pre-judgment interest, including but not limited to that recoverable under
11   California Labor Code section 227.3, and post-judgment interest;

12        5.        For costs of suit; and,

13        6.        For such and other further relief, in law and/or equity, as the Court deems just or
14   appropriate.

15                         **ON THE SIXTH CAUSE OF ACTION:**

16        1.        That the Defendants be found to have violated the provisions of the Labor Code
17   regarding proper itemized paystubs as to Plaintiff and the Wage Statement Class;

18        2.        For damages and/or penalties, according to proof, including damages and/or statutory
19   penalties under Labor Code Section 226(e) and any other legally applicable damages or penalties;

20        3.        For pre-judgment interest and post-judgment interest;

21        4.        For attorneys' fees and costs of suit, including but not limited to that recoverable
22   under California Labor Code Section 226(e); and

23        5.        For such and other further relief, in law and/or equity, as the Court deems just or
24   appropriate.

25                        **ON THE SEVENTH CAUSE OF ACTION:**

26        1.        That the Defendants be found to have violated the provisions of the Labor Code
27   regarding payment of wages due upon resignation or termination as to Plaintiff and the Waiting
28   Time Class;

PLAINTIFF'S COMPLAINT FOR DAMAGES
29

2.      For damages and/or penalties, according to proof, including damages and/or statutory penalties under Labor Code Section 203 and any other legally applicable damages or penalties;

3.      For pre-judgment interest, including under Labor Code Section 218.6, and post-judgment interest; and

4.      For such and other further relief, in law and/or equity, as the Court deems just or appropriate.

### ON THE EIGHTH CAUSE OF ACTION:

1.      That the Defendants be found to have violated Business and Professions Code Section 17200 for the conduct alleged herein as to Plaintiff and all Classes;

2.      A declaratory judgment that the practices complained herein are unlawful;

3.      An injunction against Defendants enjoining them, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies and patterns set forth herein;

4.      For restitution to the full extent permitted by law; and

5.      For such and other further relief, in law and/or equity, as the Court deems just or appropriate.

Dated: November 6, 2018

Respectfully submitted,
**LAVI & EBRAHIMIAN, LLP**

By _Joseph R. Huerta_

Joseph Lavi, Esq.
Susan R. Huerta, Esq.

Attorneys for Plaintiff
ISABEL ADAME, on behalf of
herself and others similarly situated.

Exhibit A

## DEMAND FOR JURY TRIAL

Plaintiff ISABEL ADAME demands a trial by jury for herself and the California Class on all claims so triable.

Dated: November 6, 2018

Respectfully submitted,
**LAVI & EBRAHIMIAN, LLP**

By: *Susan R Huerta*

Joseph Lavi, Esq.
Susan R. Huerta, Esq.

Attorneys for Plaintiff
ISABEL ADAME, on behalf of
herself and others similarly situated

Exhibit A