UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

Case No.: CV 19-00779-CJC(SKx)

ISABEL ADAME, on behalf of herself and others similarly situated,

Plaintiff,

v.

COMPREHENSIVE HEALTH MANAGEMENT, INC., et al.,

Defendants.

ORDER DENYING PLAINTIFF'S MOTION TO REMAND [Dkt. 15]

## I. INTRODUCTION

Plaintiff Isabel Adame filed this wage-and-hour class action in state court against Defendants Comprehensive Health Management, Inc. ("CHMI"), Easy Choice Health Plan, Inc. ("Easy Choice"), Wellcare Health Plans of California, Inc. ("WHPOC"), and Does 1 through 100. (Dkt. 1-1 [Complaint, hereinafter "Compl."].) Defendants removed

-1-

this case to federal court, asserting there was federal jurisdiction under the Class Action Fairness Act of 2005. (Dkt. 1 [Notice of Removal, hereinafter "NOR"].) Before the Court is Plaintiff's motion to remand to state court. (Dkt. 15 [hereinafter "Mot."].) For the following reasons, the motion is **DENIED**.[1]

## II. BACKGROUND

Defendants are all entities associated with WellCare Health Plans, Inc., "a provider of managed care services dedicated to government-sponsored health care programs." (Dkt. 17-1 [Declaration of Rene Frazee] ¶ 3.) Defendant CHMI is a Florida corporation with its corporate headquarters and principal place of business in Florida. (NOR ¶ 16.) Defendants WHPOC and Easy Choice are California corporations. (Mot. at 3.) Plaintiff is a citizen of California. (Compl. ¶ 3.)

The Complaint alleges that Defendants employed Plaintiff as an hourly non-exempt employee from July 2, 2012 until May 21, 2018. (*Id.* ¶ 4.) She seeks to certify seven different classes of employees who worked within California and alleges that each class has over 100 members. (*Id.* ¶¶ 40, 41A.) Plaintiff alleges that Defendants had a policy of requiring off-the-clock work and rounding hours before and after an employee's scheduled shift. (*Id.* ¶¶ 20–21.) These policies allegedly caused Defendants to fail to pay minimum wages and overtime rates. (*Id.* ¶¶ 20–30.) She further alleges that Defendants failed to provide legally compliant meal periods or vacation wages, engaged in pay stub violations, and failed to pay their employees all wages due at the time of termination or resignation. (*Id.* ¶¶ 31–38.)

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for April 1, 2019 at 1:30 p.m. is hereby vacated and off calendar.

## III. ANALYSIS

A civil action brought in a state court, but over which a federal court may exercise original jurisdiction, may be removed by the defendant to a federal district court. 28 U.S.C. § 1441(a). "A suit may be removed to federal court under 28 U.S.C. § 1441(a) only if it could have been brought there originally." *Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1371 (9th Cir. 1987); *Infuturia Global Ltd. v. Sequus Pharm., Inc.*, 631 F.3d 1133, 1135 n.1 (9th Cir. 2011) ("[A] federal court must have both removal and subject matter jurisdiction to hear a case removed from state court."). The party seeking removal bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006).

### A. Class Action Fairness Act of 2005

Defendants removed this putative class action on the basis that there was jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"). Under CAFA, federal courts have original jurisdiction over a class action if (1) the parties are minimally diverse, (2) the proposed class has more than 100 members, and (3) the aggregated amount in controversy exceeds $5 million. 28 U.S.C. § 1332(d)(2), (d)(5)(B). CAFA's primary objective is to ensure "[f]ederal court consideration of interstate cases of national importance." *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595 (2013) (quotation omitted). "[N]o antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 555 (2014).

Defendants have established that CAFA's requirements are met. First, there is minimal diversity. Plaintiff is a citizen of California. (Compl. ¶ 3.) Defendant CHMI is a Florida corporation with its principal place of business in Florida. (NOR ¶ 16.)

Second, the proposed class has more than 100 members. (*See* Compl. ¶ 42A [stating putative class is comprised of "over 100 members"]; NOR ¶ 25 [estimating there are at least 146 current or former non-exempt employees who have worked for CHMI during the proposed class period].) And third, the aggregated amount in controversy exceeds $5 million. Using its payroll data reflecting 17,360 total workweeks for the putative class members in the relevant time period, CHMI calculated an aggregate amount in controversy of $5,452,11.25.[2] (*See* NOR ¶¶ 26–48.)

### B. "Local Controversy" Exception

A district court must decline to exercise jurisdiction over a class action, however, if the "local controversy" exception applies. 28 U.S.C. § 1332(d)(4). "The local controversy exception to CAFA jurisdiction is a narrow exception, and Plaintiff[] bear[s] the burden of showing its application." *Allen v. Boeing Co.*, 821 F.3d 1111, 1116 (9th Cir. 2016) (citing *Benko v. Quality Loan Serv. Corp.*, 789 F.3d 1111, 1116 (9th Cir. 2015)). "However, if the exception applies, the district court must remand the case to state court." *Id.* (citing *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1022 (9th Cir. 2007)). The local controversy exception applies to a class action in which:

> (I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;
> (II) at least 1 defendant is a defendant—
>     (aa) from whom significant relief is sought by members of the plaintiff class;
>     (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and
>     (cc) who is a citizen of the State in which the action was originally filed; and

---

[2] Defendants calculated the amount in controversy to be $1,829,310 for minimum and overtime wage violations, $1,854,916 for meal break violations, $384,000 for wage statement violations, $293,436 for waiting time penalties, and $1,090,422.25 in statutory attorneys' fees. (NOR ¶ 48.)

(III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed[.]³

28 U.S.C. § 1332(d)(4)(A)(i). When a plaintiff moves to remand under the local controversy exception to CAFA, the burden shifts to the plaintiff to prove by a preponderance of the evidence that the exception applies to the facts of a given case. *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 883 (9th Cir. 2013). "CAFA's language favors federal jurisdiction over class actions, and CAFA's legislative history suggests that Congress intended the local controversy exception to be a narrow one." *Benko*, 789 F.3d at 1116 (quoting *Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1163 (11th Cir. 2006)).

The parties dispute whether the putative class seeks "significant relief" from Easy Choice and WHPOC and whether Easy Choice's and WHPOC's conduct forms a "significant basis" for the claims asserted by the putative class. *See* 28 U.S.C. § 1332(d)(4)(A)(i)(II). Plaintiff argues that the Court should consider the extrinsic evidence that she submits in support of her motion, including a declaration in which she describes the employee handbooks, email addresses and signatures, and uniforms bearing Each Choice's and WHPOC's names. But the Ninth Circuit has explicitly held otherwise. In determining whether the putative class seeks "significant relief" from a California corporation and whether a California corporation's conduct forms a "significant basis" for the putative class's claims, the Court "is limited to the complaint." *Coleman v. Estes Express Lines*, 631 F.3d 1010, 1012 (9th Cir. 2011). In *Coleman*, the Ninth Circuit found that "CAFA's language unambiguously directs the district court to look only to the complaint in deciding whether the criteria . . . are satisfied." *Id.* at 1015.

---

³ The local controversy exception has an additional requirement that "during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons." 28 U.S.C. § 1332(D)(4)(A)(ii). Neither party raises this as an issue.

This narrow inquiry is consistent with Congress's intent that district courts quickly determine subject matter jurisdiction under CAFA. *Id.* at 1016. Accordingly, the Court cannot consider Plaintiff's extrinsic evidence and must limit its inquiry to the allegations in the complaint.[4]

To determine if the putative class seeks "significant relief" from Easy Choice and WHPOC, the Court looks to the remedies requested by Plaintiff in the complaint. *Benko*, 789 F.3d at 1119. A plaintiff fails to establish "significant relief" from a local defendant where the complaint lacks sufficient specificity to determine what conduct is attributable to what defendant or how damages might be apportioned. *See, e.g.*, *Clark v. WorldMark, The Club*, 2019 WL 1023887, at *6 (E.D. Cal. Mar. 4, 2019) (finding plaintiffs failed to establish that they sought "significant relief" from a California corporation where the complaint generally listed remedies but made no specific allegations regarding the California corporation).

The complaint fails to establish that the putative class seeks "significant relief" from Easy Choice and WHPOC. Plaintiff seeks damages, penalties, injunctive relief, and attorneys' fees and costs of suit. (Compl. at 27–30.) Plaintiff asserts that all three Defendants employed Plaintiff and that unnamed John Does acted upon each Defendant's behalf to establish or ratify unlawful pay practices. (*Id.* ¶¶ 5–14.) The complaint, however, does not specify which conduct is attributable to which defendant or indicate how damages might possibly be apportioned. The mere fact that Plaintiff seeks relief from all Defendants jointly and severally, without any factual allegations specific to Easy Choice or WHPOC, is insufficient to meet her burden to prove that the narrow local controversy exception applies. *Cf. Evangelista v. Just Energy Mktg. Corp.*, 2018 WL

---

[4] Both parties raise evidentiary objections to declarations submitted in support of Plaintiff's motion and Defendants' opposition. (Dkts. 18, 20.) Since the Court's inquiry is limited to the complaint, it does not consider these declarations. Accordingly, the Court does not need to address the parties' evidentiary objections.

1773628, at *5 (C.D. Cal. Apr. 12, 2018) (finding allegations of joint and several liability were insufficient to prove that local controversy exception applied).

For similar reasons, Plaintiff also fails to establish that Easy Choice's and WHPOC's conduct is a "significant basis" for the claims asserted by the putative class. To determine if the "basis for the claims" against a defendant is "significant," courts "compare the allegations against [that defendant] to the allegations made against the other [d]efendants," looking specifically at that defendant's "'basis' in the context of the overall 'claims asserted.'" *Benko*, 789 F.3d at 1118 (quoting 28 U.S.C. § 1332(d)(4)(A)(i)(II)(bb)). "Significant" means "important" or "characterized by a large amount or quantity." *Id.* "[T]he local defendant's alleged conduct must be an *important* ground for the asserted claims in view of the alleged conduct of all the [d]efendants." *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1157 (C.D. Cal. 2010) (quoting *Kaufman v. Allstate N.J. Ins. Co.,* 561 F.3d 144, 156 (3d Cir. 2009)), *aff'd*, 631 F.3d 1010 (9th Cir. 2011). Where a plaintiff fails to allege any specific independent conduct on the part of the local defendant, the plaintiff fails to meet her burden. *See, e.g.*, *Clark*, 2019 WL 1023887, at *5 ("Without more detail, the Court is unable to determine whether the in-state Defendant's conduct is a significant basis for the claims in this case."); *Vado v. Champion Petfoods USA, Inc.*, 2019 WL 634644, at *4 (N.D. Cal. Feb. 14, 2019) (finding requirement was not satisfied where the complaint did not allege "any significant independent conduct on the part of [the local defendant]").

Plaintiff has not met her burden of proving that Easy Choice's or WHPOC's specific conduct forms a significant basis for her asserted claim. The complaint contains no specific allegations regarding Easy Choice or WHPOC. Plaintiff alleges only that all Defendants jointly employed her and other putative class members. (Compl. ¶ 19.) But besides bare and conclusory allegations, she does not allege any factual basis for joint employment, such as common management or any ways in which the companies acted in

concert. *Cf. Evangelista*, 2018 WL 1773628, at *4 (finding plaintiff did not establish "significant basis" requirement where plaintiff alleged common management but her allegations regarding defendants' conduct lumped them together); *Bradford v. Bank of Am. Corp.*, 2015 WL 5311089, at *4 (C.D. Cal. Sept. 10, 2015) (finding "bare allegations" that local defendant acted in concert with the other defendant were insufficient to prove the elements of the local controversy exception). Plaintiff does not plead any facts that support her conclusory statements about Easy Choice's and WHPOC's control over her employment. Plaintiff has not met her burden of proving that the local controversy exception applies.[5] This Court has jurisdiction over this action under CAFA.

Plaintiff also requests an award of attorneys' fees and costs for filing this motion. (Mot. at 10–11.) "Absent unusual circumstances, courts may award attorney's fees under [28 U.S.C. § 1447(c)] only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Because the Court finds that the local controversy exception does not apply and this Court has jurisdiction over the action under CAFA, Defendants had an objectively reasonable basis for removal. Plaintiff's request for attorneys' fees and costs is **DENIED**.

//

---

[5] Since Plaintiff has not met her burden of proving that the local controversy exception applies, the Court does not reach Defendants' alternative argument that Easy Choice and WHPOC were fraudulently joined because those entities have no employees and the putative class was employed only by CHMI. (*See* Dkt. 17 [Opposition] at 13–15.)

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand is **DENIED**.

DATED: March 19, 2019

CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE